UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE DANIEL FISK,

        Petitioner,

v.                                        Case No. 07-12312
                                        Honorable Patrick J. Duggan

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on May 20, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Clarence Daniel Fisk ("Petitioner"), presently incarcerated at the Bellamy Correctional Facility in Ionia, Michigan, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 challenging his November 16, 2001 conviction for second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1). Blaine Lafler ("Respondent") urges the Court to dismiss the petition on the ground that Petitioner's claim regarding the admission of "other bad acts" evidence is not cognizable on habeas review. The Court agrees. Alternatively, the Court finds that, even if Petitioner's claim were cognizable on habeas review, admission of the "other bad acts" evidence was not so fundamentally unfair as to deprive Petitioner of a fair trial. The habeas petition will

therefore be denied.

## I.     Background

Petitioner was charged with second-degree criminal sexual conduct in Bay County, Michigan. The charge arose from allegations that Petitioner inappropriately touched his girlfriend's daughter, who was seven or eight years old at the time. Petitioner testified that he did not touch the child inappropriately and that he had no intent to do so. On November 16, 2001, a Bay County Circuit Court jury found Petitioner guilty, as charged, of second-degree criminal sexual conduct. *See* MICH. COMP. LAWS § 750.520c(1)(a) (making it a crime to engage in "sexual contact" with a person under thirteen years of age). The trial court sentenced Petitioner as a habitual offender to imprisonment for twenty to thirty years.

On appeal from his conviction, Petitioner raised his "other bad acts" claim and an additional issue concerning the trial court's departure from the statutory sentencing guidelines. The Michigan Court of Appeals affirmed Petitioner's conviction, but vacated his sentence and remanded the case for re-sentencing. *See People v. Fisk*, No. 239367 (Mich. Ct. App. Sept. 11, 2003). Petitioner applied for leave to appeal in the Michigan Supreme Court. His application for leave to appeal in the Michigan Supreme Court was denied on February 27, 2004. *See People v. Fisk*, 469 Mich. 1017, 676 N.W.2d 629 (2004)(table).

On remand, the trial court once again sentenced Petitioner to twenty to thirty years in prison. Petitioner appealed his sentence as of right, but the Michigan Court of Appeals

2

affirmed his sentence in an unpublished *per curiam* opinion. *See People v. Fisk*, No. 256125 (Mich. Ct. App. Jan. 10, 2006). Petitioner did not appeal that decision to the Michigan Supreme Court.

Petitioner filed his present habeas corpus petition on May 29, 2007. His only claim reads:

> Defendant-Appellant's conviction should be reversed because the judge allowed the prosecutor to present prior bad acts under 404(B) and 403.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state

3

court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409, 120 S. Ct. at 1521. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S. Ct. at 1522. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

### III. Discussion

#### A. Petitioner's Claim

In his application, Petitioner refers to the sections of his appellate court briefs in which he argued that the trial court abused its discretion under the Michigan Rules of

Evidence 404(b)[1] and 403[2] and violated his right to due process by allowing the prosecution to present "other bad acts" evidence. The evidence in question consisted of (1) testimony concerning a prior conviction for criminal sexual conduct involving a different child, (2) one photograph of child pornography admitted into evidence and reference to thousands of photographs of child pornography found in Petitioner's home,

---

[1] Rule 404(b) of the Michigan Rules of Evidence provides:

> (b) Other crimes, wrongs, or acts.
>    (1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.
>    (2) The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence if it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. If necessary to a determination of the admissibility of the evidence under this rule, the defendant shall be required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination.

MICH. R. EVID. 404(b). *Compare* FED. R. EVID. 404(b).

[2] Rule 403 of the Michigan Rules of Evidence provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MICH. R. EVID. 403. *Compare* FED. R. EVID. 403.

and (3) a questionnaire from an undercover pornographic website that Petitioner had completed to show his sexual interests, including his interest in child pornography.

Petitioner contends that, although a defendant's "other bad acts" can be admissible in some cases, the disputed evidence in this case was not admitted for a proper purpose. Specifically, Petitioner contends that the evidence was not admissible to prove motive because motive was not a material issue in the case. Petitioner claims that the "other bad acts" evidence was likewise not admissible to prove intent because his defense was that he had not touched the victim.

Petitioner also contends that the evidence was not admissible to show a scheme, plan, or system. He asserts that the child pornography evidence did not show a plan and was not similar to the charged act. Along those same lines, Petitioner argues that the prior incident of criminal sexual conduct was too dissimilar from the charged offense to permit an inference of a common scheme.

The Michigan Court of Appeals reviewed Petitioner's claim on the merits and held that the evidence in dispute was properly admitted and that the probative value of the evidence outweighed the danger of unfair prejudice. *People v. Fisk*, No. 239367, slip op. at 1-3 (Mich. Ct. App. Sept. 11, 2003). The court of appeals concluded that the trial court did not abuse its discretion in admitting the "other bad acts" evidence. *Id.*

**B.  Analysis**

As an initial matter, to the extent Petitioner contends that the trial court's admission of the "other bad acts" evidence violated Michigan law, his claim is not

cognizable on federal habeas review. It is well-established that "errors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus" actions. *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983); *see also Coleman v. Mitchell*, 244 F3d 533, 542 (6th Cir. 2001)(holding that a federal habeas corpus court does not rule on "errors in the application of state law, especially rulings regarding the admission or exclusion of evidence").

Petitioner also seemingly challenges the trial court's admission of the "other bad acts" evidence on due process grounds. As the Sixth Circuit has noted:

> There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence . . . . While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644 (1997); *Huddleston v. United States*, 485 U.S. 681, 108 S. Ct. 1496 (1988), it has not explicitly addressed the issue in constitutional terms.

*Bugh v. Mitchell*, 329 F.3d 496, 512-13 (6th Cir. 2003). Because there is no Supreme Court decision holding that the admission of "other acts" evidence violates the Constitution, the state court's conclusion that the evidence was admissible cannot be deemed "contrary to" Supreme Court precedent under 28 U.S.C. § 2254(d). *Id*. at 513.[3]

Notwithstanding the absence of controlling Supreme Court precedent, the

---

[3]The United States Court of Appeals for the Sixth Circuit recently reaffirmed this holding in *Bey v. Bagley*, 500 F.3d 514, 518-23 (6th Cir. 2007), *cert. denied*, __ S.Ct. __, No. 07-8411, 2008 WL 754363 (U.S. Mar. 24, 2008).

admission of the "other bad acts" evidence could violate due process and thus be cognizable on federal habeas corpus review if the trial court's "evidentiary ruling [was] so egregious that it result[ed] in a denial of fundamental fairness." *Id.* at 512. In other words, "[t]rial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Estelle v. McGuire*, 502 U.S. 62, 69-70, 112 S. Ct. 475 (1991)).

The Court finds that the trial court's admission of the "other bad acts" evidence was not so fundamentally unfair as to deprive Petitioner of due process. As noted by the Michigan Court of Appeals, the disputed evidence was admissible for the purposes enunciated in Rule 404(b)(1) of the Michigan Rules of Evidence. Moreover, the trial court instructed the jury not to use the "other bad acts" evidence to decide whether Petitioner was a bad person or likely to commit crimes. The court also stated that the jurors should not convict Petitioner because they thought he was guilty of other bad conduct.

## IV.    Conclusion

To the extent Petitioner's claim is cognizable on federal habeas corpus review and for the reasons stated above, the Court finds that the admission of the "other acts

evidence" did not deprive Petitioner of due process of law.[4]

Accordingly,

**IT IS ORDERED** that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Clarence Daniel Fisk, #141250
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

Debra M. Gagliardi, A.A.G.

---

[4]Although not raised by Respondent, Petitioner's application was not filed within the one-year limitations period under 28 U.S.C. § 2244(d)(1). Petitioner's direct appeal, which included his present claim, concluded on February 27, 2004, when the Michigan Supreme Court denied his application for leave to appeal. For purposes of § 2244(d)(1), Petitioner's conviction became final when the 90-day time period for filing a petition for a writ of certiorari in the United States Supreme Court expired – i.e., May 27, 2004. Although the Michigan Court of Appeals remanded Petitioner's case for re-sentencing and Petitioner's subsequent appeals with respect to his sentence concluded on January 10, 2006, the Sixth Circuit has indicated that the AEDPA's statute of limitations period with respect to any non-remanded claim asserted by a petitioner does not start from the date the re-sentencing judgment becomes final. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007). Rather, the AEDPA's statute of limitations begins to run when the judgment with respect to the non-remanded claim or claims becomes final. *See id.* Petitioner's present claim was affirmed on direct appeal, and he filed his present application on May 29, 2007, over three years after the date the judgment on his present claim became final on May 27, 2004. Consequently, untimeliness could be a separate grounds to deny the present habeas petition. Nevertheless, the Supreme Court has required that district courts give notice to the parties before *sua sponte* dismissing a habeas petition pursuant to 28 U.S.C. § 2244(d)(1). *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006). Because the Court is denying Petitioner's application on the merits, it will not give the parties notice as required by *Day*.